### Richardson v. Commonwealth.

(Decided January 19, 1932.)

S. H. RICE for appellant.

J. W. CAMMACK, Attorney General, and A. M. SAMUELS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appellant, Hyman Richardson, a young citizen of Madison county, on a Saturday afternoon in September last, walked seven miles over to visit on Crooked creek in Estill county. The next morning he went to Sunday school at the Crooked Creek church and then took his girl home. In the afternoon he started on his return journey to Madison county. On the way he fell into the temptor's snare in the form of a couple of boys with a quart of liquor. They persisted. He resisted. But, as so many older and wiser men before him have done, he yielded to temptation and participated. The boys again tempted him with an invitation to go with them to attend divine services at the church that night. Again he resisted because, he says, he knew the Thomas boys would be there and every time he got with them they beat him up. Again the weakness of the flesh was overcome by the strength of the "spirits" and he surrendered. As he got near the church he met up with his Nemesis and the Thomas boys proceeded to whip him, apparently through force of habit; and after becoming quite bloody in the affray his memory faded out and did not reappear until he woke up in jail. This, he says, was the result of the blows he had received from the Thomas boys, and not the kick of the white mule.

The scene shifts. The sheriff of the county and deputy happened along. Seeing the boy's staggering condition, with his shirt tail out, and hearing his lamentations, mixed with some hilarity and boisterous conduct, the sheriff arrested him, as he testified, "I presume for drunkenness." Hyman peacefully submitted and was placed in an automobile in charge of the deputy while the sheriff started after another boy, "whom he thought might be intoxicated." Hyman didn't seem to like his

company or to care for a ride, and, after a struggle, succeeded in getting out of the car. Both officers were finally able to subdue him, or rather to stop his jerking loose, shoving and kicking. They got him down and placed handcuffs on him, and, again putting him back in the automobile, proceeded with some little difficulty to take him to jail. The sheriff had a little skin knocked from his wrist but suffered no other wound. Richardson does not remember anything about this and said, "It seemed like a dream or something." Perhaps if he had spoken precisely he would have said a "nightmare."

The next scene took place on Friday, five days later, in the courthouse with his presentation for trial upon the charge of "hindering, obstructing and intimidating an officer of the Commonwealth of Kentucky in the discharge of his duty." He was rewarded with a sentence of two years in the penitentiary.

The drama is now upon the stage of this court, where the chief actor is vigorously claiming that he has been too harshly dealt with. Quite so. The Act must end with a reversal of the judgment for we conclude that Hyman is entitled to another trial, and, if again found guilty, to a much less severe penalty.

In the recent case of Loveless v. Commonwealth, 241 Ky. 82, 43 S. W. (2d) 348 (decided since this case was tried), it has been held that so much of section 1148a-7, of the Statutes, as declared it a felony to disturb, hinder, obstruct, or intimidate an officer while engaged in the discharge of his duties as such by violence, force, or threats, is unconstitutional, as that provision was not comprehended by the title of the act. Session Acts of 1920, chapter 100. But, as in the Loveless case, the indictment of the appellant was sufficient to charge the common-law offense of obstructing justice, which carries upon conviction a fine or imprisonment in the county jail, or both, within the discretion of the jury. Accordingly, it was error for the court to give an instruction based upon that statute, as only the common-law offense should have been submitted.

Wherefore, the judgment is reversed.